

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. A. J. Bryan, Jr.
Criminal District Attorney
Hillsboro, T e x a s

Dear Sir:

ATT'N:  Mr. Wm. B. Martin

Opinion No. O-1582
Re:  (1)  In a felony case, where the
punishment of the defendant is
assessed at a fine and a term in
jail, and sentence is suspended,
how long is the period of suspen-
sion, and when may the defendant
have it removed?

(2)  In such a case, does the sus-
pension apply, also, to the costs
in the case?

We have carefully considered your letter of
recent date in which you request the opinion of this
department touching the questions as stated above.

As a background to our opinion, we shall brief-
ly discuss the suspended sentence law in Texas.

Article 776, Code of Criminal Procedure, pro-
vides:

"SUSPENDED SENTENCE
Where there is a conviction of any felony
in any district or criminal district court of
this State, except murder, perjury, burglary
of a private residence at night, robbery, ar-
son, incest, bigamy, seduction, and abortion,
and the punishment assessed by the jury shall
not exceed five years, the court shall suspend

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

sentence upon written sworn application made
therefor by the defendant, filed before the
trial begins.  When the defendant has no coun-
sel, the court shall inform the defendant of
his right to make such application, and the
court shall appoint counsel to prepare and
present same if desired by defendant.  In no
case shall sentence be suspended except when
the proof shall show and the jury shall find
in their verdict that the defendant has never
before been convicted of a felony in this or
in any other State.  This law is not to be con-
strued as preventing the jury from passing on
the guilt of the defendant but he may enter
aplea of not guilty."

The effect of the suspension of sentence under
this statute is stated to be as follows in the case of
BRITTIAN vs. STATE, 214 S. W. 351:

"Under our law there may be a suspended
sentence awarded by a jury.  In such case
there would be no final conviction.  Ex Parte
Coots, 212 S. W. 173, recently decided.  Where
suspended sentence has been awarded, there can
be no sentence, and the party is not punished,
unless for some reason the suspended sentence
be set aside as authorized by the statute
* * *" (Emphasis ours).

Article 780, Code of Criminal Procedure, pro-
vides:

"DISMISSAL OF CHARGES
In any case of suspended sentence, at any
time  after the expiration of the time assessed
as punishment by the jury, the defendant may
make his written sworn motion for a new trial
and dismissal of such case, stating therein
that since such former trial and conviction he
has not been convicted of any felony, which
motion shall be heard by the court during the
first term time after same is filed.  If it
appears to the court, upon such hearing, that

the defendant has not been convicted of any
other felony, the court shall enter an order
reciting the fact, and shall grant the defend-
ant a new trial and shall then dismiss said
cause. After the setting aside and dismissal
of any judgment of conviction as herein pro-
vided for, the fact of such conviction shall
not be shown or inquired into for any purpose
except in cases where the defendant has been
again indicted for a felony and invokes the
benefit of this law."

The effect of this statute is described as fol-
lows in the case of CLARK vs. STATE, 54 S. W. (2d) 127:

"* * * That is to say, that the accused,
at any time after the term of his conviction
has expired, may, upon showing that he has not
been subsequently convicted, be released from
the suspended sentence by an order of the court
* * * That is to say, after the time for which
one is convicted and placed under a suspended
sentence has expired, it is not within the power
of the court to recall the suspension and make
the judgment final * * *"

Finally, we notice Article 779, Code of Crimin-
al Procedure, which provides:

"SUSPENDED SENTENCE MADE FINAL
Upon the final conviction of the defendant
of any other felony pending the suspension of
sentence, the court granting such suspension
shall cause a capias to issue for the arrest of
the defendant, if he is not then in the custody
of such court, and during a term of the
court shall pronounce sentence upon the origi-
nal judgment of conviction, and shall cumulate
the punishment of the first with the punishment
of any subsequent conviction or convictions,
and in such cases no new trial shall be granted
in the first conviction."

When, therefore, the punishment of a defendant

is assessed at a jail sentence and a fine in some
amount, and the sentence is suspended, he is neither
liable for the fine nor bound to serve the jail sen-
tence, except if and when the conditions of Article
779, supra, arise.

Article 780, supra, authorizes a dismissal of
the charges "at any time after the expiration of the
time assessed as punishment." (Emphasis ours). Neith-
er this statute, nor any other statute, takes cognizance
of a fine when assessed as extending or affecting the
time after which the case may be dismissed. It must
follow that the suspension period corresponds to the
jail sentence, after which the charges are subject to
dismissal under Article 780, supra.

We are not unmindful of the fact that the as-
sessment of a fine, when sentence is suspended, thereby
becomes meaningless as neither the payment of the fine
may be exacted nor will any added period of suspension
result. This, however, necessarily follows.

We turn now to your second question pertaining
to the costs in the case. Here again we are compelled
to recognize the effect of a suspended sentence as re-
lated to the successive steps of conviction by the jury,
suspension of sentence, judgment of the court, and the
sentence. In this connection we quote as follows from
TEX. JUR., Vol. 12, p. p. 717 and 718:

> "'Judgment' and 'sentence' are not the same
> thing; the two are distinct and independent.
> While a formal sentence is not necessary in a
> prosecution for misdemeanor, in a felony case
> it is the duty of the judge to pronounce sen-
> tence on the judgment of conviction and the
> sentence is in fact the final judgment in the
> case. In such a case it is the sentence, and
> not the judgment, which concludes the prosecu-
> tion in the trial court; and a person cannot
> be said to have been convicted of a felony un-
> til sentence has been pronounced on him * * *"
> (Emphasis ours).

In support of these statements, there is cited the case of McFADDEN vs. STATE, 300 S. W. (2d) 54, which holds that sentence must be pronounced, in a felony case, notwithstanding the punishment assessed is a pecuniary fine or a jail sentence, or both; and the case of BOWERS vs. STATE, 13 S. W. (2d) 702, which holds that the "sentence" constitutes the final judgment in the case from which an appeal may be taken.

Further, under Article 780, supra, the court is compelled to grant the defendant a new trial and dismiss the case, after the expiration of the time assessed as punishment, upon proper proof that the defendant has not meanwhile been convicted of another felony. When this is done, for all purposes the original judgment is rendered of no force and effect except, only, where the defendant, upon a subsequent felony indictment, seeks to invoke the suspended sentence law again.

Accordingly, it cannot be said that the defendant has been "convicted" within the purview of the statutes on costs. No sentence is pronounced, hence a final judgment is not rendered; subsequently, a new trial may be granted and the case dismissed. Under such circumstances, we do not believe that the costs may be validly assessed against the defendant.

The only satisfactory analysis of a suspended sentence, under the statutes and cases in Texas, is that the effect of the punishment assessed, in all respects, is suspended, and the only subsequent fact that will render the defendant subject to serving the time, paying the fine, as assessed by the jury, and costs, and otherwise suffer the penalties of a conviction for a felony, is that of his being convicted of another felony during the period of the suspension.

Trusting that we have satisfactorily answered your inquiries, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By  (Signed)
     Zollie C. Steakley
                    Assistant

ZCS:ob

APPROVED APR 4, 1940
(Signed)
W. F. MOORE
FIRST ASSISTANT
ATTORNEY GENERAL

OK
WRK

APPROVED
OPINION
COMMITTEE
BY B. W. B.
CHAIRMAN